IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM DEAN GRUSSING, | Cause No. CV 23-61-BLG-BMM |
| Petitioner, | |
| vs. | ORDER |
| JAMES SALMONSEN AND ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on Petitioner William Dean Grussing's application for writ of habeas corpus. Grussing is a state prisoner proceeding pro se. On July 20, 2023, the Court directed Grussing to show cause why his petition should not be dismissed for failure to exhaust state remedies. (Doc. 5.) He responded. (Doc. 6.) The petition will be dismissed.

## I.  Preliminary Review

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief."  Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts.  A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review."  *Calderon v. United States*

1

*Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).  The Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Advisory Committee Note (1976), Rule 4, § 2254 Rules.

## II.    Analysis

Grussing is incarcerated at Montana State Prison following six  convictions in 2021 in Golden Valley County, Montana. (Doc. 1.) Grussing pled nolo contendere and appealed to the Montana Supreme Court. (Doc. 1 at 3.) He did not petition for certiorari in the United State Supreme Court, and he did not file any form of state court petition for postconviction relief, either in the state district court or the Montana Supreme Court. (Doc. 1 at 3.)

His petition in this Court asserts three grounds. First, the presiding judge in his state law prosecution did not sign an order granting leave to file an information, in violation of Montana state law. (Doc. 1 at 10.) The state statute reads "the judge … shall grant Leave to File Information, otherwise the application is denied." Mont. Code Ann. § 46-11-201(2). Grussing asserts that the Information charging him is "invalid," because it was not signed. (Doc. 1 at 10.) Grussing construes this omission as a due process violation. (Doc. 1 at 11.)

Ground Two asserts that a justice of the peace in his case failed to file a

2

copy of the return of his search warrant and other documents associated with the search warrant, in violation of Montana state law. (Doc. 1 at 12.) Grussing also construes this alleged failure as a due process violation. (Doc. 1 at 13.)

Ground Three asserts violations of Grussing's Sixth Amendment right to effective counsel by both his trial and appellate counsel for failing to raise Grounds One and Two. (Doc. 1 at 14.) Grussing contends that his counsel failed to investigate his case properly, or they would have raised the issues of the unsigned Leave to File Information and missing search warrant documents. *Id.*

Grussing's only postconviction filing was his direct appeal in the Montana Supreme Court. *State v. Grussing*, 408 Mont. 245, 2022 MT 76 (2022). His sole issue on appeal was the denial of a motion to suppress, filed in the state district court, related to the correctness of the search warrant procedure. The grounds for suppression argued in the appeal were not the same as Grussing's Ground Two in his petition in this Court, though both rely on the search warrant requirements of Montana state law. The Montana Supreme Court decided his appeal on state law grounds, analyzing the requirements of the Montana Code's provisions on search warrant procedure, and affirmed his conviction. *Id.*, at ¶¶ 7 – 10. The Montana Supreme Court did not consider federal law.

Following its initial review, the Court directed Grussing to show cause why

3

his petition should not be dismissed for failure to present these issues to the state courts. Grussing provides two reasons to excuse his failure to raise any federal claims before the state courts. First, he emphasizes his lack of legal knowledge and his difficulty obtaining counsel. (Doc. 6 at 1 – 2.) He then posits, without elaboration, that the three grounds of his petition meet the "standards for extraordinary circumstances as set forth in *Buck v. Davis*, 137 S. Ct. 759 (2017.)" (Doc. 6 at 2.) These grounds are "clearly supported by the record" and "serious enough to undermine the confidence in the outcome of the proceeding." *Id.*

As the Court explained in its prior Order, a federal habeas court generally will not hear claims that have never been fairly presented in state court. If a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice. *See, e.g., Beaty v. Stewart,* 303 F.3d 975, 987 (9th Cir.2002).

Having reviewed what Grussing presented to the Montana Supreme Court, this Court concludes Grussing has procedurally defaulted. He never presented his three grounds to the Montana courts. The question now is whether that default may be excused. If a petitioner procedurally has defaulted on a claim, a federal court may nonetheless consider the claim if he shows: (1) good cause for his failure to

4

exhaust the claim; *and* (2) prejudice from the purported constitutional violation; *or* (3) demonstrates that not hearing the claim would result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Sawyer v. Whitley,* 505 U.S. 333, 339–40 (1992).

"Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, . . . impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (citation omitted); *Coleman*, 501 U.S. at 753.  Though attorney ignorance or inadvertence cannot establish cause for a procedural default, "[a]ttorney error that constitutes ineffective assistance of counsel is cause[.]"  *Coleman*, 501 U.S. at 753-54; see also *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel."). As with all other claims, the ineffective assistance claim must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).

In other words, before a federal court may consider ineffective assistance of

trial counsel or direct appeal counsel as cause to excuse the default of the underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a proper manner in the state court system, such as in a petition for postconviction relief, including through the Montana Supreme Court. As set forth above, however, Grussing failed to present any of his claims, in any manner, to the state courts.  The ineffective assistance of counsel claim cannot serve as cause to excuse the default of Grussing's underlying habeas claims in light of Grussing's failure to raise it in the state courts.  The claims remain procedurally defaulted.

Grussing could also avoid procedural default if he could establish a fundamental miscarriage of justice. A petitioner can demonstrate a fundamental miscarriage of justice by "establish[ing] that under the probative evidence he has a colorable claim of factual innocence." *Sawyer,* 505 U.S. at 339 (quotation marks omitted). Grussing does not assert, nor could he establish, a colorable claim of innocence.

### III.    Conclusion

The claims contained in Grussing's petition are procedurally defaulted without excuse.  Based upon Grussing's response to this Court's order, he has not demonstrated a valid basis to set aside the procedural default.  Accordingly, this

matter will be dismissed with prejudice.

## IV.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Grussing has not made a substantial showing that he was deprived of a constitutional right.  He has failed to demonstrate the requisite cause and prejudice to set aside the procedural default.  Accordingly, his is petition is procedurally defaulted.  Reasonable jurists would find no basis to encourage further proceedings.  A certificate of appealability will be denied.

7

Based on the foregoing, the Court enters the following:

**ORDER**

1.      Grussing's petition is dismissed. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58. Any pending motions are DENIED as moot.

2.      A certificate of appealability is DENIED.  The clerk shall immediately process the appeal if Grussing files a notice of appeal.

DATED this 15th day of September, 2023.


_____
Brian Morris, Chief District Judge
United States District Court

8